UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WADID YOUSSEF ZAKY SALAMA, MD,    *

    Plaintiff,    *

v.    *    Civil Action No. EA-25-3262

CHRISTOPHER J. GALUARDI, MD,    *

    Defendant.    *

MEMORANDUM OPINION

On October 2, 2025, Plaintiff Wadid Youssef Zaky Salama, MD, initiated this action against Defendant Christopher J. Galuardi, MD, alleging five counts of defamation based on Dr. Galuardi's alleged false statements that Dr. Zaky Salama committed Medicare fraud. ECF No. 1. Pending before the Court is Dr. Galuardi's motion for summary judgment or, in the alternative, to dismiss all claims. ECF No. 13. The motion is fully briefed, and no hearing is necessary. ECF Nos. 13, 16–18; Local Rule 105.6 (D. Md. Dec. 1, 2025). For the reasons set forth below, construed as a motion to dismiss, the motion is granted.

I.    BACKGROUND[1]

Dr. Zaky Salama is a citizen of Delaware. ECF No. 1 ¶ 1. Dr. Galuardi is a citizen of Maryland. *Id.* at ¶ 2. Between October 4, 2024, and April 1, 2025, Dr. Galuardi falsely told five individuals that Dr. Zaky Salama had committed Medicare fraud. *Id*. at ¶¶ 5–6, 14–15, 23, 32–33, 41–42.[2] The Complaint identifies the recipients of these statements by name, but does not provide additional details regarding the content or circumstances surrounding the allegedly false

---

[1] This factual summary is drawn from the allegations in the Complaint (ECF No. 1), which are accepted as true for the purposes of this motion. *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] The Complaint inadvertently numbered two separate statements as paragraph number 23. ECF No. 1. Both such paragraphs are encompassed in this citation to ECF No. 1 ¶ 23.

statements.  *See generally* ECF No. 1.  Dr. Galuardi's oral publication of these false statements injured Dr. Zaky Salama's reputation and standing in the profession and his community.  *Id.* at ¶¶ 7, 16, 24, 34, 43.  Dr. Galuardi knowingly and deliberately made the statements with actual malice or he negligently failed to ascertain the falsity of the statements.  *Id.* at ¶¶ 9–10, 18, 20, 26, 28, 36–37, 45–46.  The statements that "accused" Dr. Zaky Salama "of committing a crime . . . constitute[ ] slander *per se*."  *Id.* at ¶¶ 8, 17, 25, 35, 44.  As a result of the publication of these statements, Dr. Zaky Salama's character and reputation were harmed, and he suffered mental anguish, personal humiliation, and economic and non-economic damages.  *Id.* at ¶¶ 12, 21, 30, 39, 48.  For each of the five counts, Dr. Zaky Salama seeks $1 million dollars in compensatory damages and $3 million dollars in punitive damages.  *Id.* at 3–8.[3]

## II.    DISCUSSION

Dr. Galuardi argues that Dr. Zaky Salama's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(f) because his allegations do not satisfy the pleading standards for defamation claims.[4]  ECF No. 13-1 at 2, 14–15.  Dr. Zaky Salama argues the opposite.  ECF No. 16-1 at 2–5.  The applicable standard of review and the sufficiency of the pleadings are addressed in turn below.

---

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

[4]  Defendant Christopher J. Galuardi, MD, also argues that he is entitled to judgment as a matter of law because Plaintiff Wadid Youssel Zaky Salama, MD, did, in fact, "submit[] false medical claims" and "[t]ruth is an absolute defense to defamation under Maryland law."  ECF No. 13-1 at 1–2.  Because the undersigned concludes that Dr. Zaky Salama has failed to plausibly allege claims upon which relief may be granted, *see* II.B., *infra*, it is unnecessary to reach Dr. Galuardi's alternative argument.  *Doe v. Anne Arundel Cnty.*, Civil Action No. JRR-23-3451, 2025 WL 675059, at *4 (D. Md. Mar. 3, 2025) (the trial court "has complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a [Federal] Rule [of Civil Procedure] 12(b)(6) motion").

A.      **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  A complaint does not need "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*.  Bald allegations alone will not suffice, nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 681 (2009).

When evaluating a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the relief sought. *Id.* at 678; *E.I. du Pont de Nemours and Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  The same does not hold true for legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-556.  Thus, "a plaintiff armed with nothing more than conclusions" has not satisfied the Rule 12(b)(6) standard. *Iqbal*, 556 U.S. at 678-679.  Ultimately, a court determines if the pleading standard has been met "by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the complaint states a claim. *A Society Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (internal quotation marks and citations omitted).

To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard falls somewhere in between "probability," which is not required, and "sheer possibility," which is insufficient. *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Federal Rule of Civil Procedure 9(f) provides that when pleading special matters, "[a]n allegation of time or place is material when testing the sufficiency of a pleading." "While the Federal Rules of Civil Procedure require more specific pleading in certain cases, defamation cases are not among them." *Hatfill* v. *New York Times Co.*, 416 F.3d 320, 329 (4th Cir. 2005). Nevertheless, a defamation claim "must include enough details to make it plausible that the claimant is entitled to relief," *Total Recon Auto Ctr., LLC* v. *Allstate Ins. Co.*, 705 F. Supp. 3d 510, 526 (D. Md. 2023), and "to enable a defendant to appropriately respond," *Estate of Jones* v. *St. Thomas More Nursing & Rehab Ctr.*, Civil Action No. PJM 09-1419, 2009 WL 3247929, at *3 (D. Md. Oct. 1, 2009).

### B.    Sufficiency of Dr. Zaky Salama's Complaint

In an action brought under a federal court's diversity jurisdiction, the court is to apply the substantive law of the state in which it sits. *Mathis* v. *Terra Renewal Serv. Inc.*, 69 F.4th 236, 242 (4th Cir. 2023); *Lewis* v. *Waletzky*, 422 Md. 647, 657 (2011). The required elements of a defamation claim under Maryland law are that "(1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the

4

defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Doe* v. *Johns Hopkins Health Sys. Corp.,* 274 F. Supp. 3d 355, 365 (D. Md. 2017) (citing *Gohari* v. *Darvish*, 363 Md. 42, 55 (2001)); *see also Harvey* v. *Cable News Network, Inc.*, 48 F.4th 257, 269 (4th Cir. 2022) (noting that under Maryland law the publication to a third party must be unprivileged). As to the first element, "[a] defamatory statement is one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person." *Batson* v. *Shiflett*, 325 Md. 684, 722-723 (1992) (citation omitted). "Under the second element, a 'false' statement is one 'that is not substantially correct.'" *Piscatelli* v. *Van Smith*, 424 Md. 294, 306 (2012) (quoting *Batson*, 325 Md. at 726). For the third element, "a plaintiff must show that the party making the allegedly false defamatory statement acted with 'either negligence or actual malice.'" *Jones* v. *Blair Wellness Ctr., LLC*, Civil Action No. ADC-21-2606, 2023 WL 4352451, at *14 (D. Md. June 30, 2023) (quoting *Samuels* v. *Tschechtelin*, 135 Md. App. 483, 544 (2000)). The fourth element requires "actual harm," except that "in cases in which the statement was defamatory *per se* and was made with actual malice, harm may be presumed." *Doe*, 274 F. Supp. 3d at 366.

Here, Dr. Zaky Salama's pleading does not pass muster. In terms of substance, each defamation count alleges only that Dr. Galuardi "falsely stated to [name of person] that Plaintiff had committed Medicare fraud." ECF No. 1 ¶¶ 6, 15, 23, 33, 42. Although the Complaint includes the names of the alleged listeners, as this quotation makes clear, it only broadly states the date and content of the conversations. It contains no details regarding how the alleged defamatory statements were communicated (*i.e.*, in person, by telephone, text, email, or otherwise), the context in which they were made, the relationship between Dr. Galuardi and the alleged listeners, or any facts demonstrating that the statements were unprivileged. ECF No. 13-

5

1 at 14.  This Court has repeatedly held that the pleading of defamation claims requires more. *Colossus Media, LLC* v. *Adalytics Rsch., LLC*, Civil Action No. DKC 24-1402, 2026 WL 653630, at *5 (D. Md. Mar. 9, 2026) (ruling that "a bare-bones rendering of what [was] supposedly said" that did not "assert who received these alleged messages, who . . . sent them, how they were transmitted, dates that these messages were sent, or any information necessary to enable [the defendant] to respond" were "insufficient to survive a motion to dismiss"); *Brown v. Ferguson Enters., Inc.,* Civil Action No. CCB-12-1817, 2012 WL 6185310, at *3 (D. Md. Dec. 11, 2012) ("allegations could not plausibly support a claim for defamation" because they had "no specific description of the content of the alleged statements, nor when and how they were communicated").  At minimum, the pleading must allege the "specific content and what about the statements was false," *Shenk* v. *Humane Soc'y of Carroll Cnty., Inc.*, Civil Action No. ELH-20-443, 2022 WL 252955, at *15 (D. Md. Jan. 27, 2022), as well as "the time and place in which they were made," *Grewe* v. *Amerifleet Transportation, Inc.*, Civil Action No. WDQ-08-2765, 2009 WL 10727162, at *4 (D. Md. Jan. 5, 2009).

The Complaint does not plausibly allege any of the other elements because mere conclusory factual assertions and legal conclusions—which are replete throughout the pleading—are "not entitled to the presumption of truth."  *Pizarro Orta* v. *Creekstone Landscaping & Excavating, LLC*, Civil Action No. EA-23-1954, 2024 WL 3555093, at *5 (D. Md. July 25, 2024) (citing *Iqbal*, 556 U.S. at 681)).  In *Rose* v. *Unplugged Sport Bar & Restaurant, Inc.*, this Court recently rejected similarly "[c]onclusory and formulaic assertions" that "merely recite the legal standard for defamation without alleging facts" as insufficient to support a claim for relief.  Civil Action No. MJM-25-521, 2026 WL 850523, at *8 (D. Md. Mar. 27, 2026).  In sum, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (2009).

6

## III.    CONCLUSION

For the foregoing reasons, Dr. Galuardi's motion (ECF No. 13), construed as a motion to dismiss, is granted.  A separate Order follows.


Date: May 8, 2026                                         /s/

                                                  Erin Aslan
                                                  United States Magistrate Judge